Loring, J.,
delivered the opinion of the court:
The petitioners claim against the United States the amount due on two drafts or bills of exchange of which they aver they are'the bona fide holders, and which are set forth in the petition- as follows :
“$10,000.] “"Washington City, July 10, 1860.
“ Six months after date, pay to our own order at the Bank of the Republic, New York city, ten thousand dollars for value received, and charge to account of our transportation contract of the 12th of April, 1860.
“ Russell, Majors & Waddell.”
“Hon. John B. Floyd,
“ Secretary of War.”
[Indorsement, j
“ Russell, Majors & Waddell.”
[Acceptance. J
“War Department, July 16, 1860.
“ Accepted:.
“John B. Floyd,
“ Secretary of War.”
”$10,000.] “Washington, July 16, 1860.
“ Seven months after date, pay to our own order for value received, Bank of the Republic, New York city, ten thousand dollars, and charge to account of our transportation contract of the 12th of April, 1860.
“Russell, Majors & Waddell.”
“ Hon. J. B. Floyd,
“ Secretary of War.”
[Acceptance.]
“ Russell, Majors & Waddell.”
[Indorsement. ]
“Accepted;
“ John B. Floyd,
“ Secretary of War.”
And the court find the facts to be—
1. That the petitioners purchased the said bills in open market before they severally matured.
2. That it is and has been the practice of heads of departments to accept drafts or bills of exchange for the transmission of funds to dis *16 bursing officers, or the payment of those serving on distant stations, or for services rendered.
3. That on the 16th day of January, 1858, Russell, Majors & Wad-dell contracted with the United States for the transportation of army supplies from Forts Leavenworth and Riley, in Kansas, and other points on the Missouri river, to any depot or post in the Territory of Nebraska, south of latitude 44° north; in the Territory of Oregon, south of the same latitude, and to the Territory of Utah, to its south boundary, agreeably to a schedule of prices annexed to the contract. The contract provided for payments from time to time, as the services might be performed, upon certificates of an officer of the quartermasters’ department; a portion when the train was started, and the balance when the supplies should be delivered at their destination; and the payments were to be made at the rate specified, either at the quartermaster’s office at Fort Leavenworth, or by draft on the assistant treasurer at New York, as the contractors might elect.
4. That on the 3d of March, 1858, Russell, Majors & Waddell contracted with the United States for the delivery of 3,500 beef cattle, to be delivered between the 1st October, 1858, and the 1st of January, 1860, to the principal officer or agent of the subsistence department with the army of Utah, in lots of not less than 250 head at one time; payments to be made by the commissary of subsistence at St. Louis, on presentation of duplicate receipts for any delivery.
• 5. That on the---day, Russell, Majors & Waddell con-
tracted with the United States for the delivery of 763,000 pounds of flour, to the same army of Utah, at Great Salt Lake, or at Camp Floyd; payments to be made to the contractors by the commissary of subsistence at St. Louis, in checks upon the sub-treasurer of New York, on presentation of duplicate receipts of the officer or agent of the subsistence department at the points of delivery, for each partial delivery.
6. That the fourth and last contract was dated the 11th day of April, A. D. 1860. It was for the transportation of quartermasters’ stores from Forts Leavenworth and Riley to Fort Union, in the Territory of New Mexico, and for the years 1860 and 1861; the prices to be paid, as is usual in all such contracts, were contained in a tabular statement, or schedule, annexed to it; and the contractors were to be paid for such service, and according to the rates contained in the schedule, at the office of the quartermasters’ department at Fort Leavenworth, by drafts upon the assistant treasurers of the United States at St. Louis, Missouri, or at New York city; or in specie, (if equally con *17 venient to the quartermasters’ department at Fort Leavenworth,.) as the said firm might eleet.
' 7. That some time early in 1858, and during the period covered by
these contracts, under arrangement between these contractors and Floyd, the Secretary of War, the contractors drew a large number of bills of exchange'upon Floyd, as Secretary of War, which he accepted as such; that these bills of exchange so drawn and accepted, amounted, in the aggregate, to over $6,000,000. All of them have been taken up or returned by Russell, Majors & Waddell, except about $800,000, which are still outstanding, and of which those in suit form a part. A portion of the acceptances were taken up by the sale and negotiation of Indian trust bonds, abstracted from the office of the Commissioner of Indian Affairs, in the Department of the Interior. The United States also proved, by clerks in the War Department during the time these acceptances were given, that no regular entry or record was made in the department of these acceptances, as was usual in the ordinary and accustomed official transactions of the department.
8. That there were large appropriations for' subsistence and transportation for the army in the years in which the said contracts were made, and the said drafts or bills of exchange were drawn and payable ; that the unexpended balances of the appropriations for those purposes on the 1st of July, 1859, was $357,696, and on the 1st July, 1860, was $673,044 79.
9. That on the 18th day of May, 1861, and when the said drafts or bills of exchange were drawn and accepted, there were due to the said contractors, above specified, on their contracts for transportation, the sum of $17,488 84 and no more.
10. That the said drafts or bills of exchange were accepted by the said Floyd, for the benefit and accommodation of said Russell, Majors & Waddell, and on an agreement between them and the said Floyd, that the same should be taken up and paid by the said Russell, Majors & Waddell, so that they should not be presented for payment at the treasury of the United States. .
Upon the facts, found in this case upon the original and amended petition, we are of opinion.that it is substantially the same in legal effect as the case of Thomas W. Peirce v. The United States, heretofore adjudged; and for the reasons stated in that case, and applied to the same facts found here, we decide that the petition should be dismissed and judgment entered for the defendants.